UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN: <br><br>             Pro Se Plaintiff <br> -against- <br><br> BARRON CAPITAL ADVISORS LLC <br> SKYPEOPLE FRUIT JUICE INCORPORATION <br><br>             Defendants | NO. 3:09cv1873(CSH) <br><br><br> JURY TRIAL DEMANDED <br><br><br> December 28, 2009 |

PLAINTIFF'S MOTION TO OBJECT DEFENDANTS' MOTION TO DISMISS OF 11/04/2009

   Plaintiff Andrew Chien, appearing pro se, hereby moves this honorable Court for granting Plaintiff's Motion to Object Defendants' Motion to Dismiss and associated Memorandum of 11/04/2009. As shown in the following Memorandum of Law in Support Of Motion to Object Defendants' Motion to Dismiss of 11/04/2009, the Complaint clearly stated the facts and relative law to overcome all opposing excuses made by Defendants in their Motion and Memorandum.

The MOVANT

*A. Chien*

ANDREW CHIEN
665 Ellsworth Avenue
New Haven, CT 06511
(203) 562-8899

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN:<br><br>           Pro Se Plaintiff<br>-against-<br><br>BARRON CAPITAL ADVISORS LLC<br>SKYPEOPLE FRUIT JUICE INCORPORATION<br><br>           Defendants | NO. 3:09cv1873(CSH)<br><br><br>JURY TRIAL DEMANDED<br><br><br>December 28, 2009 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO OBJECT OF DEFENDANTS' MOTION TO DISMISS OF 11/04/2009**

TABLE OF CONTENTS

I. Supplementary Information ............................................. 2
    Part 1. Skypeople Was Ordered to Pay Shares Directly to Plaintiff
            for Three Years ............................................. 2
    Part 2. Defendant Barron Met Five Standards in Allegation of Tortious
            Interference With Prospective Economic Advantage ............ 3
II. Arguments ............................................................ 4
    Part 1   Plaintiff Has Legal Standing To Make Claims Against Defendants ...... 4
    Part 2.  The Court Has Personal Jurisdiction Over Defendants ............... 4
    Part 3.  Plaintiff Has Properly Selected The Parties Being Sued ............. 6
             1. Skypeople .................................................. 7
             2. Barron ..................................................... 8
    Part 4.  Forum Selection Is Proper ....................................... 8
    Part 5.  The Causes Of Action Properly State Claims Upon Which Relief
             Can Be Granted ................................................ 9
             1. Tort Causes Of Action Against Skypeople Is Proper Due to
                Skypeople's Independent Legal Liabilities .................. 9
             2. CUTPA Claim Is Also Proper ................................. 9
             3. Violating Good Faith And Fairness Dealing ................. 10
             4. Fraud & Tort Claims Are Also Proper ....................... 10
             5. Unjust Enrichment Claims Against Skypeople And Barron
                Are Proper ................................................ 10
             6. Conspiracy Claims Against Defendants Stand Up ............. 10
III. Conclusion .......................................................... 11

1

Plaintiff Andrew Chien, appearing pro se, hereby moves this honorable Court for granting Plaintiff's Motion to Object Defendants' Motion to Dismiss and associated Memorandum of 11/04/2009. Followings are the law and facts, which support Plaintiff's Motion.

I. Supplementary Information

Part 1. Skypeople Was Ordered to Pay Shares Directly to Plaintiff for Three Years

In the contract signed between Plaintiff and Tianren, it specified the payment:

"Service Fee: In the course of buying the shell company and company merger, Part B(Tianren) shall pay Part A (USChina) USD 250,000 or RMB 400,000 plus USD 200,000 in cash, <u>with additional 2% of stocks given as a present to Part A by the company after merging. The stocks given as a present shall have three years' guarantee for "anti-dilution". When the new stocks issued by Part B for any reason within next three years, Part B shall issue additional stocks to Part A to ensure that Part A's rate of 2% stock remaining unchanged (emphasis added)</u>...." ( pp.3 of the English copy translated by Defendants)

The payment of shares is clearly specified for:

a. what to be paid? shares of a USA public company, and currently traded in AMEX with ticker: SPU, and the shares allowed to be publicly traded in USA only and regulated by SEC;

b. who is the payer? <u>"the company after merging"</u>, that is the Defendant Skypeople, because after the merger, Skypeople is the only legal entity, which controls all common and preferred stock of Tianren's and has rights to issue shares.

c. when will the payment begin? after the merger finished, and it was after February 22, 2008.

d. quantity of payment? 2% of any shares issued or will be issued.

e. times of payment? no times limitation until February 2011 whenever the new shares will be issued.

Skypeople at least missed four times of payment of shares to Andrew Chien from February 2008 till today, in its shares issued, or the issuance of new shares for financing, or consultant services.

Obviously, the contract signed between Plaintiff and Tianren, involved three legal entities: USChina (US citizen), Tianren (US owned subsidiary in China), and <u>the company after merging:</u> Skypeople (US citizen).

There existed an organization change: Tianren would have changed from an independent company to a subsidiary of the parent company: Skypeople. Then, Tianren should shift its power of issuance of new shares of stock to its parent company Skypeople, because it lost its authorization to do so after the organization change. Mr. Xue was, and is the control person of both Tianren and Skypeople, clearly approved and specified the liability of Skypeople to USChina when he signed the contract. The liability of Skypeople to USChina can call as "an implied in law contract, also sometimes referred as a quasi-contract" that "is not a contract, but an obligation which the law creates out of the circumstances present even though a party did not assume the obligation... It is based on equitable principles to operate whenever justice requires compensation to be made." Yale Diagnostic Radiology v. Estate of Fountain, 267 Conn. 351, 359, A.2d 179(2004).

In other words, Skypeople built its own quasi-contract (an implied in law contract) with USChina with very detail performance procedure, when its control person Mr. Xue signed the contract with USChina, which is contrary to Defendants argument that "Skypeople did not abide by the terms of the Agreement (pp.6 of Def. memo)".

In the contract, there is no any term mentioned regarding the forum or law selection if there is the legal dispute between Skypeople and USChina. We will detail this in later argument section.

Part 2. Defendant Barron Met Five Standards in Allegation of Tortious Interference With Prospective Economic Advantage

> The elements of that tort of are: '(1) an economic relationship between [the plaintiff and some third person] containing the probability of future economic benefit to the [plaintiff], (2) knowledge by the defendant of the existence of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, [and] (5) damages to the plaintiff proximately caused by the acts of the defendant.' (Buckaloo v. Johnson (1975) 14 Cal.3d 815, 827.)

It is obvious that Barron met the above-mentioned five standards:

(1) Andrew Chien had signed the service contract for Skypeople (Tianren) public listing, and would get $250,000 cash and 2% of shares guaranteed on the full-diluted basis until February 2011.

(2) That USChina contracted with Tianren for OTCBB listing was public news by News Release dated Sept. 8, 2006 and this News Release widely adapted by Investor

Business Daily, CBS MarketWatch, Yahoo, Hoovers, and more than forty different websites (pp. 5 of Complaint). Barron definitely should know this news, or was intentional, reckless not knowing, or grossly negligent of this news.

(3) Barron solicited Tianren to replace USChina for public listing service, fully for its own economy benefits.

(4) Tianren no long contacted USChina for public listing services, after being solicited by Barron.

(5) Barron's tortious interference caused Plaintiff lost payment of approximately $220,000 cash and 2% of Skypeople's stock.

II. Arguments

Part 1   Plaintiff Has Legal Standing To Make Claims Against Defendants

USChina Channel LLC is not a corporation but Sole Proprietorship. The status should be determined by the tax return.

In Wikipedia there is following explanation of LLC:

> "The LLC form of organization is relatively new, and as such, some states do not fully treat LLCs in the same manner as corporations for liability purposes, instead treating them more as a disregarded entity, meaning an individual operating a business as an LLC may in such a case be treated as operating it as a sole proprietorship..."

> "Check-the-box taxation. An LLC can elect to be taxed as a sole proprietor, partnership, S corporation or C corporation, providing much flexibility."

From the inception of USChina Channel LLC in 2006 till today, the tax return of USChina Channel LLC is filed in Form 1040 C, marked as Sole Proprietorship, of which Plaintiff already delivered a copy of the evidence to the Court in case 3:08cv1154.

From www.answers.com, the definition of a corporation is:

> "A body that is granted a charter recognizing it as a separate legal entity having its own rights, privileges, and liabilities distinct from those of its members."

Since Plaintiff Andrew Chien bears all rights, privileges, and liabilities of USChina Channel LLC personally, he is not a separate legal entity from USChina Channel LLC. USChina Channel LLC is not a corporation. Andrew Chien has the legal standing to sue Defendants in this case.

Defendants mentioned Honorable Judge Mark Kravitz's ruling in case Chien & Skystar Bio Pharmaceutical regarding Andrew Chien representing USChina Channel LLC.

That ruling was absent from the evidence that USChina Channel LLC is a sole-proprietorship. The total cases were appealed and consolidated in the Appeal Court of Second Circuit with case number 08-3960-cv, including the appeal that USChina Channel LLC is not a corporation.

Part 2. The Court Has Personal Jurisdiction Over Defendants

In plaintiff's computer, there are stored about _120 e-mails_ received or sent out by Andrew Chien for the project of serving Tianren (Skypeople) in the public listing. Defendants' lawyer said that only one of e-mail sent to New Haven is a false statement. The contract was made in New Haven, CT. Barron's tortious interference also made in New Haven, CT, which caused USChina lost the continuous of the business activities (transaction) for this project in New Haven, CT.

Regarding personal jurisdiction, Defendants' lawyer cited only Sec. 52-59(b) of General Statutes of Connecticut, which is not correct. Because Skypeople is a corporation we should consider Sec. 33-929(f):

> a. Sec. 33-929(f)(1) or (4).
> "_Every foreign corporation shall be subject to suit in this state, by a resident of this state_ or ..., _whether or not such foreign corporation is transacting or has transacted business in this state_ and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) _Out of any contract made in this state or to be performed in this state_... or (4) _out of tortious conduct in this state,_ whether arising out of repeated activity or _single acts_, and whether arising out of misfeasance or nonfeasance"(emphasis added).

Skypeople's share payment liability is specified by the contract, which was signed, and performed in New Haven CT. Sec. 33-929(f)(1) stands for Skypeople. There is no requirement of transaction business in Connecticut for standing of Sec.33-929(f)(1) or 33-929(f)(4).

Sec. 33-929(f)(4) stands for Skypeople also, because Skypeople joined the tortious act caused by Barron. Remember, only one condition stands is enough for the judgment of personal jurisdiction.

Barron's status is the general partner; we should apply General Statutes of Connecticut Sec. 52-59(b)(a)(2):

> Sec. 52-59b.
> "_Jurisdiction of courts over nonresident individuals, foreign partnerships...._
> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident

5

individual, foreign partnership..., who in person or through an agent: <u>(2)commits a tortious act within the state</u>, except as to a cause of action for defamation of character arising from the act;..." (emphasis added).

Defendants argued that they didn't "maintain an address, telephone number, account or property in Connecticut", and not "to be licensed to do business" or "to pay taxes in Connecticut, then concluded that they not "have ever transacted any business in the state" (pp.11 of Def. memo.) Defendants didn't understand Sec. 33-929(f) and Sec. 52-59(b)(a)(2) at all. Allegations based on these terms didn't need defendants transacting business in Connecticut.

When a defendant brings a Rule 12(b)(2) motion prior to discovery, however, the plaintiff is required only to make out a prima facie case for jurisdiction by pleadings and affidavits. Cutco Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). The evidence thus presented is to be construed in the light most favorable to the plaintiff, with all doubts resolved in plaintiff's favor. Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985).

Defendants also argued about the general jurisdiction, however, Sec. 33-929(f) and Sec. 52-59(b)(a)(2) did not confer general jurisdiction, including the minimum contact test; rather, the cause of action must arise from the tortious act that is the basis of the claim. Please notice that Sec. 33-929(f)(4) emphasized one single act is enough under tort claim.

In tort law, injury is defined broadly. Interests in prospective economic advantages from the contract can also be injured and become the subject of tort actions, which is the case against defendants about. The jurisdiction in tort law lies where the Plaintiff was hurt. In this case, Plaintiff was economically injured in Connecticut. Connecticut has the personal jurisdiction over tortfeasors: Defendants.

Even assuming some of the procedures of the tort operated outside the territory of Connecticut we can apply the <u>passive personality principle</u>, which looks to the citizen of the *victim* to determine jurisdiction, holding that a state may assert jurisdiction over persons and events outside a state's territory on the basis that its citizen has been harmed

Part 3. Plaintiff Has Properly Selected The Parties Being Sued

(a) Skypeople

Defendants argued "Plaintiff has not alleged any of the necessary elements to demonstrate that Skypeople is the successor in interest to Tianren", and "under the common law of Connecticut a purchaser of all of a corporation's assets does not thereby assume any liability for the debt of the selling corporation"(pp.14, Def.'s memo). Therefore Defendants considered plaintiff sued a wrong party: Skypeople.

Defendant's argument showed that Defendants' lawyer lacks the basic accounting knowledge of a public company. If you read any of the periodical financial statements of Skypeople, you can find such words:

> " Before the acquisition, Huludao Wonder had been a variable interest entity of Shaanxi Tianren for accounting purposes according to *FASB Interpretation No. 46: Consolidation of Variable Interest Entities*, an interpretation of ARB 51 ("FIN 46"), since June 1, 2007, and the financial statements of Shaanxi Tianren and Huludao Wonder have been consolidated as of June 1, 2007 and forward..."

> "The accompanying consolidated financial statements are prepared in accordance with *accounting principles generally accepted* in the United States of America ("U.S. *GAAP*")..."

FASB (Financial Accounting Standards Board) Interpretation No. 46: Consolidation of Variable Interest Entities needs to count any liabilities of Tianren as the liabilities of Skypeople, which was admitted in Skypeople's SEC filings. Defendants' lawyer argument conflicts with the accounting principles of Skypeople's SEC fillings. Defendants can't use one accounting method in SEC filings and another accounting method in the Court.

Based on the fact that Skypeople was ordered to pay Shares to Plaintiff directly for three years by the contract, Skypeople has direct liability to Plaintiff due to the term in the contract.

Due to SFAS (Statement of Financial Accounting Standards) No.123, "Accounting for Stock-Based Compensation," it encourages the use of the fair value based method of accounting for stock-based compensation arrangements under which compensation costs are determined using the fair value of stock-based compensation determined as of the date of grant.

From the rule of SFAS No.123 and GAAP, any share payment from Skypeople should count as the administrative expenses at the value of the shares on that issued day of the closed trading stock price. Skypeople missed stock payment to USChina for four times from February 2008 till today, it overstated the net profits in the associated period for four times with the value counted by the number of the shares of stock, times the closed trading priced on that issued day. This is the Skypeople's economy benefit, or unjust enrichment by escaped share payment to USChina.

(b) Barron

Defendants argued that Plaintiff should sue Barron Limited Partner not general partner because it is the Barron Limited Partner took over Plaintiff's contract role.

Since we haven't entered the discover stage, we don't have the detail of Defendants' information about the separated functions of Barron or Barron Limited Partner. We don't know how to reward Barron from the Barron Limited Partner's unjust enrichment yet. However, Barron is the executive body of Barron Limited Partner, and fully has the executive liability in Plaintiff's allegation of Tortious Interference.

Barron, as a third party, by taking the intentional, reckless or grossly negligent conduct, is solely responsible for Andrew Chien's harm due to doctrine of Causation, or doctrine of novus actus interveniens. To sue Barron is proper.

### Part 4. Forum Selection Is Proper

Forum selection is proper because Plaintiff is the citizen of Connecticut.

When to consider the forum selection, we should consider the _territorial principle_, which is the most important and widely used. It is the idea that a state may claim jurisdiction over persons and events inside its own territory. So, foreign nationals committing crimes in the U.S. are subject to U.S. courts and U.S. laws.

There is no any contract between Barron and USChina. The tortious interference happened in USA territory. Forum selection in USA for Barron is proper.

Skypeople had pay liability to USChina, which should happen in USA territory because both are USA citizens, the payment mean is the stock traded in USA stock exchange, which caused the pay operation only capable being processed in USA. To select a US forum is proper for Skypeople based on _territorial principle_. Defendants'

8

argument of the Chinese forum selection term mentioned in the contract for the dispute between Tianren and USChina is an irrelative issue for resolving the dispute between Skypeople and USChina. Skypeople is a different legal entity with Tianren.

### Part 5.   The Causes Of Action Properly State Claims Upon Which Relief Can Be Granted

1. Tort Causes Of Action Against Skypeople Is Proper Due to Skypeople's Independent Legal Liabilities

Defendants argued that Tianren should be liable for the failing payment of Skypeople, therefore it should sue Tianren, and resolve it in a Chinese forum, which is wrong. Because as long as the reverse merger commenced, Skypeople is the parent company with full controlled power of Tianren, and becomes the only legal entity possessing the capability to issue new shares to USChina, which is a USA territory operation. Skypeople has following independent legal liabilities beyond what mentioned in the Contract between Tianren and USChina: (a) Skypeople is an independent legal entity, and fully responsible for its USA operation, fully responsible for its subsidiary liabilities in USA. As long as it commenced the liability of the issuance of new shares to USChina, it can't shift its own operation, or liability to a subsidiary (Tianren) which doesn't have performce authorization, or capability doing so; (b) it violated common law such as abetting or aiding tortious interference in USA territory operations etc..

Tort claims against Skypeople are proper.

2. CUTPA Claim Is Also Proper

Specifically, CUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Conn. Gen. Stat.* 42-110b(a). In determining whether an act or practice is unfair, the Supreme Court of Connecticut has adopted the "cigarette rule" of the Federal Trade Commission. The three factors of the cigarette rule are as follows: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and (3) whether it causes substantial injury to consumers, competitors, or other businessmen. *See Web Press Serv. Corp. v.*

*New London Motors, Inc.,* 203 Conn. 342, 355, 525 A.2d 57, 64 (1987); *Conaway v. Prestia,* 191 Conn. 484, 492-93, 464 A.2d 847, 852 (1983).

We can answer the "cigarette rule" as follows: (1) Tortious Interference is unlawful, offends public policy as it has been established by statutes, and the common law; (2) Defendants' behavior is immoral, unethical, oppressive, or unscrupulous; (3) Defendants' behavior causes substantial injury to competitors or other businessmen: USChina and Andrew Chien.

### 3. Violating Good Faith And Fairness Dealing

The contract ordered the Skypeople to pay shares to USChina directly, which is a USA territory operation. Defendants were in bad faith, and constituted breach of the implied covenant of good faith and fair dealing inherent in the Contract in that Defendants willfully and knowingly acted to prevent Plaintiff from performing his obligations under the Contract and to deprive Plaintiff of the benefits and compensation under the Contract. The tortious interference behavior is a dishonest act.

### 4. Fraud & Tort Claims Are Also Proper

Tort Claim is detailed above, no necessary to repeat here. The tort itself is also a fraud. The claim of the Defendants hurt Plaintiff's business reputation is also true. Because it was well known public news for USChina served Tianren in the USA public listing, USChina's failure to serve Tianren definitely is not a good reputation for USChina.

### 5. Unjust Enrichment Claims Against Skypeople And Barron Are Proper

The relation between Skypeople with Plaintiff is <u>an implied in law contract</u> which contains Unjust enrichment claim. Unjust Enrichment Claims Against Barron is no argument because Barron rewarded from Barron Limited Partner's unjust enrichment.

### 6. Conspiracy Claims Against Defendants Stand Up

"The elements of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the

scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." Harp v. King, 266 Conn.744, 779(2003).

We check the four conditions as following: (1) two defendant-organizations involved in this claims, and at least two persons would involve in; (2) Tortious Interference is unlawful means; (3) at least two conspirators did the scheme; and (4) Plaintiff suffered the severe economic damage. The four conditions satisfied, and the conspiracy claims stand up.

III. Conclusion

For the foregoing reasons, Defendants' Motion To Dismiss of November 4, 2009 should be dismissed.

Date: December 28, 2009

ANDREW CHIEN
665 Ellsworth Avenue
New Haven, CT06511
(203)562-8899

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN: | NO. 3:09cv1873(CSH) |
| Pro Se Plaintiff | |
| -against- | |
| | JURY TRIAL DEMANDED |
| BARRON CAPITAL ADVISORS LLC | |
| SKYPEOPLE FRUIT JUICE INCORPORATION | |
| Defendants | December 28, 2009 |

## CERTIFICATION OF SERVICES

I hereby certify that on December 28, 2009, a copy of the forgoing was filed personally at the clerk office of the Court Office. I further certify that a copy of the forgoing was sent, through alm@lopal.com & gpvidler@golawintl.com by e-mail to

Alison L. McKay
Law Offices of Paul A. Lange, LLC
80 Ferry Boulevard
Stratford, CT 06615-6079

Gregory P. Vidler

600 Madison Avenue, 14th Floor
New York, New York 10022


PLAINTIFF

*a. Chien*

ANDREW CHIEN

665 Ellsworth Avenue
New Haven, CT06511
(203)562-8899