UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ANDREW CHIEN,
    Plaintiff *pro se*,

   v.

BARRON CAPITAL ADVISORS, LLC
SKYPEOPLE FRUIT JUICE
INCORPORATION,
    Defendants.

3:09-cv-1873 (CSH)

---

# DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO OPPOSITION TO AND IN FURTHER SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ....................................................................................ii

I.      PRELIMINARY STATEMENT .................................................................. 1

II.     PLAINTIFF LACKS STANDING TO SUE ................................................ 2

III.    EVEN ASSUMING STANDING (AND THERE IS NONE), DEFENDANTS
        ARE NOT SUBJECT TO PERSONAL JURISDICTION
        IN THIS DISTRICT .................................................................................. 6

IV.     PLAINTIFF HAS SUED THE WRONG PARTIES ..................................... 7

V.      EVEN ASSUMING THAT SKYPEOPLE WERE THE SUCCESSOR IN
        INTEREST TO TIANREN (AND IT IS NOT), THE CONTRACT REQUIRES
        LITIGATION IN CHINA ............................................................................ 9

VI.     PLAINTIFF'S CAUSES OF ACTION FAIL TO STATE CLAIMS UPON
        WHICH RELIEF CAN BE GRANTED ...................................................... 10

VII.    CONCLUSION......................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Amerbelle Corp. v. Hommell*, 272 F. Supp. 2d 189 (D. Conn. 2003) .................... 6

*Burger King Corp. v. Rudzewicz.*, 471 U.S. 462 (1985) ......................................... 6

*Chien v. Skypeople Fruit Juice Incorporation et al.*,
   3:08-cv-01154 (CSH) (D. Conn. 2008) ............................................................. 2

*Chien v. Skystar Bio Pharmaceutical Co.*,
   623 F.Supp.2d 255 (D. Conn. 2009) ................................................................. 5

*Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984) .................... 7

*In re Catholic Conference*, 885 F.2d 1020 (2d Cir. 1989) ..................................... 9

*In re Ski Train Fire in Kaprun, Austria*, 342 F.Supp.2d 207 (S.D.N.Y. 2004) ........ 8

*Jones v. Niagara Frontier Trans. Auth.*, 722 F.2d 20 (2d Cir. 1983) ................. 4, 5

*Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) ........................................... 4, 5

*McNamee v. Department of the Treasury*, 488 F.3d 100 (2d Cir. 2007) .............. 3

*United States Fidelity and Guaranty Co. v. S.B. Phillips Co., Inc.*,
   359 F.Supp.2d 189 (D. Conn. 2005) ................................................................. 9

*Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263 (2d Cir. 1996) ................. 9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ....................... 7

**Federal Statutes**
28 U.S.C. § 1654 .................................................................................................. 4

**State Statutes**
Conn. Gen. Stat. § 34-100 ................................................................................... 2
Conn. Gen. Stat. § 34-124(b) .............................................................................. 5
Conn. Gen. Stat. § 34-186 ................................................................................... 5

**Federal Rules**
Fed. R. Civ. Proc. 11(b)(2) ................................................................................... 1

**Federal Regulations**

26 C.F.R. § 301.7701-1 ........................................................................................ 3
26 C.F.R. § 301.7701-2 ........................................................................................ 3
26 C.F.R. § 391.7701-3 ........................................................................................ 3

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO OPPOSITION TO AND IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendants Barron Capital Advisors, LLC ("Barron") and Skypeople Fruit Juice Incorporation ("Skypeople") (collectively, "Defendants") by and through their counsel of record submit this Memorandum of Law in reply to the opposition to and in further support of their motion to dismiss the complaint (the "Complaint" or Compl.").

## I.    PRELIMINARY STATEMENT

If there were any doubt as to whether the Complaint of plaintiff Andrew Chien ("Plaintiff") should be dismissed, Plaintiff has removed all such doubt by the filing of his Opposition Brief, which merely confirms that Plaintiff is seeking, for the most part, to enforce the rights of USChina Channel, LLC ("USChina") under an agreement (the "Agreement") between USChina and non-party Shanxi Tianren Organic Food Co., Ltd. ("Tianren"), a Chinese corporation located in Tongxinge, China.  However, a limited liability company ("LLC") – even a solely-owned one, such as USChina – is not permitted to appear *pro se* or by one of its officers.  Plaintiff knew this at the time he filed the present action, and his continued attempts amount to a substantial violation of Federal Rule of Civil Procedure 11(b)(2).

Certainly, Plaintiff's Opposition Brief highlights the rationale behind the rule requiring companies to appear through counsel.  It consists of pages of arguments that are nonsensical and best viewed as a refusal to answer.  Replying to each argument

would largely involve repeating the points and authorities raised in the moving papers.[1]

Simply stated, even if Plaintiff had standing to assert the cause of action in the Complaint (and he does not), Plaintiff has named the wrong parties – in part, in an overt attempt to avoid the forum selection clause of the Agreement – and, in any event, each and every cause of action fails to state a claim upon which relief can be granted.

Defendants respectfully request that their motion to dismiss be granted.

## II.    PLAINTIFF LACKS STANDING TO SUE

In his Opposition Brief, Plaintiff does not dispute that the claims alleged in the Complaint belong to USChina; rather, Plaintiff argues that USChina is really a sole proprietorship since it is treated as such under federal tax law. [2]

For purposes of federal taxation only, a limited liability company, such as USChina, can elect to be taxed as a corporation or a sole proprietorship.    That is, unless the LLC elects to be taxed as a corporation, its profit and losses "pass through" the entity to the owners, who pay individual income tax.    An LLC with just one owner, such as USChina, is "disregarded" if it is recognized under state law (for instance, to limit owner's liability, as under the Connecticut Limited Liability Company Act, Conn. Gen. Stat. § 34-100 *et seq.*) but ignored under federal tax law, so that the taxable activities of the company are treated as if the owner carried out those activities himself.

---

[1] Moreover, given the history of litigation between Plaintiff and Skypeople, it is likely that Plaintiff will attempt to file sur-replies.
[2] Plaintiff also claims that he provided a copy of a USChina's tax return in the previous action that was dismissed for lack of subject matter jurisdiction, *Chien v. Skypeople Fruit Juice Incorporation et al.*, 3:08-cv-01154-CSH.  A review of the docket makes it clear that no such document was produced.  In any event, USChina's tax returns are wholly irrelevant.

*See* 26 C.F.R. §§ 301.7701-1, 301.7701-2, 391.7701-3. The fact that the LLC may elect to be a "pass through" entity, similar to an S corporation, does not mean that it is a sole proprietorship for all purposes – nothing in the Internal Revenue Code or Treasury Regulations provides otherwise. *See McNamee v. Department of the Treasury*, 488 F.3d 100 (2d Cir. 2007) for a general discussion of check-the-box regulations allowing single-owner LLC to choose how it is to be regarded for purposes of federal tax law. Indeed, the fact that an LLC may be disregarded for purposes of federal tax law is one of the features that make and LLC a desirable business entity – it is a hybrid entity by which members enjoy limited liability, as shareholders in a corporation, but can be taxed as a partnership (*i.e.*, members are not subject to double taxation).[3]

It bears repeating that all of the causes of action in the Complaint arise out of the Agreement between USChina and Tianren (and the transactions contemplated thereunder). This is not in dispute. Plaintiff is not a signatory to the Agreement, and as such, he has no standing to prosecute claims that clearly belong to USChina, whether

---

[3] In support of his argument, Plaintiff cites to one excerpt from an entry on Wikipedia, a free Internet encyclopedia. Leaving aside arguments as to the propriety of relying upon Wikipedia as legal support, Plaintiff's citation to one small passage of this 13-paged article is, at very best, disingenuous. The online article, http://en.wikipedia.org/wiki/Limited_liability_company, of which the Court may take judicial notice, begins: "A limited liability company is a legal form of business company that provides limited liability to its owners. … [I]t is a hybrid business entity having certain characteristics of both a corporation and a partnership or sole proprietorship. … The primary characteristic an LLC shares with a corporation is limited liability, and the primary characteristic it shares with a partnership is the availability of pass-through income taxation. It is often more flexible than a corporation and it is well-suited for companies with a single owner." Plaintiff's citation to Wikipedia and his entire argument merely highlight the principle rationale for requiring representation by an attorney.

3

such claims are defined as contract or tort.[4]  As fully discussed in the moving papers, a

company may not appear personally or by one of its officers who is not an attorney.

See Jones v. Niagara Frontier Trans. Auth., 722 F.2d 20, 22-23 (2d Cir. 1983).

In Lattanzio v. COMTA, 481 F.3d 137 (2d Cir. 2007), the United States District

Court for the District of Connecticut (Dorsey, J.) dismissed the claims of the plaintiff LLC.

The plaintiff member of the LLC filed a pro se appeal, and the Second Circuit dismissed

the appeal for failure to comply with local rules.  Upon a motion to reinstate the appeal,

the Second Circuit denied the motion to renew on the grounds that "a sole member

limited liability company must be represented by counsel to appear in federal court." 481

F.3d at 139.  The court stated:

> We have interpreted 28 U.S.C. § 1654, which governs appearances
> in federal court, to allow two types of representation:  that by an
> attorney admitted to the practice of law by a government regulatory
> body and that by a person representing himself. ...  The statute
> does not permit unlicensed laymen to represent anyone else other
> than themselves.

Id. (citations and internal quotation marks omitted).  The Court, quoting Jones, supra,

continued:

> [T]he conduct of litigation by a nonlawyer creates unusual burdens
> not only for the party he represents but as well for his adversaries
> and the court. The lay litigant frequently brings pleadings that are
> awkwardly drafted, motions that are inarticulately presented,

---

[4] In his Complaint, Plaintiff also claims that all of the rights of USChina were assigned to him individually.
See Complaint, ¶ 7.  Plaintiff appears to have abandoned this argument as his Opposition Brief does not
address the invalidity of such an assignment, which was addressed at length in the moving papers. See
Opposition Brief, pp. 4-5.  Rather, Plaintiff simply maintains that USChina is a sole proprietorship and that
therefore Plaintiff may prosecute USChins'a claims.

4

> proceedings that are needlessly multiplicative.   In addition to
> lacking the professional skills of a lawyer, the lay litigant lacks many
> of the attorney's ethical responsibilities.

*Id.*  The court held: "Because both a partnership and a corporation must appear

through licensed counsel, and because a limited liability company is a hybrid of the

partnership and corporate form … a limited liability company may appear in federal

court only through a licensed attorney." *Id.* at 140 (citations omitted).  In holding that a

limited liability company can only appear through licensed counsel, the court further

distinguished sole proprietorships:

> Further we see no reason to distinguish between limited liability
> companies and sole member or solely-owned liability companies.
> Although some courts allow sole proprietorships to proceed *pro
> se*, … a sole proprietorship has no legal existence apart from its
> owner. …   Unlike a sole proprietorship, a sole member limited
> liability company is a distinct legal entity that is separate from its
> owner.  For example, in Connecticut, a limited liability company has
> the power to sue or be sued in its own name.  Conn. Gen. Stat. §§
> 34-124(b), 34-186.

*Id.* (citations omitted).

Based upon the rationale of *Lattanzio* and *Jones*, in an unrelated action filed by

Plaintiff, United States District Judge Mark R. Kravitz held that Plaintiff could not

represent the interests of USChina. *See Chien v. Skystar Bio Pharmaceutical Co.*, 623

F.Supp.2d 255, 265 (D. Conn. 2009).  Notwithstanding, Plaintiff continues to present

new "reasons" why the rules should not apply to him and to USChina.    Plaintiff's

answer to the holding in *Chien v. Skystar Bio Pharmaceutical*  "was [made without]

evidence that USChina Channel LLC is a sole proprietorship." *Opposition Brief*, p. 5.

Defendants respectfully submit that such continued attempts to evade the rules are not made in good faith, which, again, highlight the rationale of requiring companies to appear by counsel.

Plaintiff has no standing to prosecute this action – whether by assignment or otherwise. Defendants respectfully request that this action be dismissed.

### III.    EVEN ASSUMING STANDING (AND THERE IS NONE), DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN THIS DISTRICT

Skypeople and Barron both lack sufficient contacts with Connecticut such that the exercise of jurisdiction over them would be inconsistent with Connecticut's long arm statute and due process. Plaintiff presents no facts in response to Defendant's motion, and his convoluted argument is best regarded as a default. To meet his burden, Plaintiff was obligated to allege facts showing that each defendant's conduct was sufficient for the court to exercise personal jurisdiction. *See Amerbelle Corp. v. Hommell*, 272 F. Supp. 2d 189, 192-93 (D. Conn. 2003). If, and only if, the Plaintiff establishes facts demonstrating that defendants have constitutionally sufficient contacts with Connecticut, would the burden shift to the defendants to show that the exercise of jurisdiction is unreasonable. *Burger King Corp. v. Rudzewicz.,* 471 U.S. 462, 477 (1985). This, Plaintiff has not done.

For specific jurisdiction, the Plaintiff's cause of action must arise out of specific contacts to meet the minimum contacts requirement. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984).[5] Those specific contacts must have resulted from the defendant's purposeful conduct, and not the unilateral activity of the plaintiff or others. *Id.* Here, Plaintiff argues that he received e-mail messages in Connecticut, that Skypeople's public statements were available to Connecticut residents and that the Plaintiff signed the Agreement in Connecticut. *See Opposing Brief*, p. 5. With regard to Barron, Plaintiff alleges that Barron Partners, of which Defendant Barron is the General Partner, may sell shares of stock in Connecticut. *See Complaint*, ¶ 34. Plaintiff further alleges in his opposition that Barron's "tortious interference" was done in Connecticut because USChina, which is in Connecticut, lost business opportunities. *See Opposing Brief*, p. 5. That is, Plaintiff does not identify any contacts Defendants had with the state of Connecticut; rather, he identifies his own actions in Connecticut (taken on behalf of USChina). *See Opposition Brief*, p. 5. Under the totality of the circumstances, such limited communications do not establish a "connection with the forum [s]tate such that [Barron and Skypeople] should [have] reasonably anticipated being haled into court [in Connecticut]." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

---

[5] Plaintiff appears to agree that there is no viable claim of general jurisdiction. *See Opposition Brief*, p. 6.

In short, any of the alleged contacts with Connecticut are too remote and insufficient standing alone to subject Defendants to jurisdiction in this District. Plaintiff's Complaint must therefore be dismissed.

## IV.    PLAINTIFF HAS SUED THE WRONG PARTIES

In response to the arguments in the moving papers, Plaintiff argues only that Skypeople filed consolidated financials that include Shanxi Tianren Organic Food Co., Ltd. ("Tianren"), the Chinese company with whom Plaintiff contracted. *See Opposition Brief*, p. 7. It is unclear whether Plaintiff is arguing that consolidated financials make Skypeople and Tianren one and the same company or that it is sufficient to show successor liability (neither of which is correct) or that it is evidence of vicarious liability. Not surprisingly, Plaintiff offers no authority to support the argument.

Consolidated financials are common and are not evidence of successor liability or sufficient to pierce the corporate veil. *See, e.g., In re Ski Train Fire in Kaprun, Austria*, 342 F.Supp.2d 207, 216 (S.D.N.Y. 2004) ("Courts have held, however, that factors such as sole ownership, overlapping directors, consolidated financials statements, and reference to subsidiary as a department are insufficient to establish the type of day-to-day control necessary to disregard corporate separateness"). What arises from Plaintiff's opposition, however, is an admission that Tianren continues as a viable entity. In fact, Plaintiff sates: "Skypeople is a different legal entity with [sic.] Tianren." *Opposing Brief*, p. 9.

It is well settled that "[a]bsent privity of contract there is no standing to bring an

8

action on the contract and the claims must be dismissed. . . . [Accordingly,] [t]he court lacks subject matter jurisdiction when the plaintiff has no standing to pursue the action." *United States Fidelity and Guaranty Co. v. S.B. Phillips Co., Inc.*, 359 F.Supp.2d 189, 199 (D. Conn. 2005) (*citing In re Catholic Conference*, 885 F.2d 1020, 1023 (2d Cir. 1989)). Further, "[a] federal court must dismiss a claim, and may do so *sua sponte*, whenever it is established that the court lacks subject matter jurisdiction." Id., (emphasis added) (*citing Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 266 (2d Cir. 1996)). In short, "[t]he lack of privity is therefore fatal" to a breach of contract claim. *Id.* While plaintiff has abandoned his breach of contract claim, it is clear that all of the claims alleged in the Complaint arise out of the contract between USChina and Tianren, and all claims against Skypeople should be dismissed.

With regard to Barron, Plaintiff argues only that Barron as the general partner of Barron Partners had executive control of Barron Partners which allegedly took over Plaintiff's contractual role with non-party Tianren. These allegations, as pointed out in the moving papers, are insufficient to impose vicarious liability upon Barron, and all claims against Barron should be dismissed.

## V. EVEN ASSUMING THAT SKYPEOPLE WERE THE SUCCESSOR IN INTEREST TO TIANREN (AND IT IS NOT), THE CONTRACT REQUIRES LITIGATION IN CHINA

In opposition to the argument that all claims against Skypeople must be litigated in China, Plaintiff argues that the forum selection clause is irrelevant because it is from the agreement between USChina and Tianren and that the Complaint concerns a

9

"dispute between Skypeople and USChina."  That is, on one hand, Plaintiff argues that he did not need to name Tianren because Skypeople is either the successor-in-interest or is otherwise vicariously liable but he also argues that since he sued Skypeople, he (or rather USChina) is not subject to the forum selection clause.  The arguments are individually and collectively nonsensical.  There is no argument that all of the claims against Skypeople arise out of the contract between USChina and Tianren – under that contract, all claims must be litigated in China, as set forth in the moving papers.

## VI.    PLAINTIFF'S CAUSES OF ACTION FAIL TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED

With regard to Defendants' argument that each of the causes of action fails to state a claim upon which relief can be granted, Plaintiff's Opposition Brief fails to offer any meaningful response.  Indeed, the arguments and factual allegations set forth in the Opposition Brief are even vaguer than those of the Complaint.  Rather than repeat the points and authorities set forth in the moving papers, Defendants respectfully refer the Court to their moving papers and incorporate by reference the points and authorities therein.

## VII.   CONCLUSION

For the foregoing reasons, as well as those stated in the moving papers, Plaintiff's complaint should be dismissed with prejudice.

January 6, 2010

DEFENDANTS SKYPEOPLE FRUIT
JUICE, INC. AND BARRON CAPITAL
ADVISORS

By: _____

Gregory P. Vidler PHV037260
GUZOV OFSINK, LLC
Attorneys for Defendants,
600 Madison Avenue – 14th Floor
New York, New York 10022
Tel: 212-371-8008
Fax: 212-688-7273

-and-

Alison L. McKay CT22260
Law Offices of Paul A. Lange, LLC
80 Ferry Boulevard
Stratford, CT 06615-6079
203-375-7724 x103
203-375-9397 (fax)

11

## CERTIFICATE OF SERVICE

Gregory Vidler, an attorney duly admitted to practice before the the U.S. District Court for the District of Connecticut, states the following under penalty of perjury:

1. I am counsel to Defendants BARRON CAPITAL PARTNERS, LLC and SKYPEOPLE FRUIT JUICE INCORPORATION in this action;

2. That on this 6th day of January, 2010, I served the enclosed DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO OPPOSITION TO AND IN FURTHER SUPPORT OF MOTION TO DISMISS by mailing a true copy thereof via email and First Class U.S. Mail to:

    Andrew Chien
    665 Ellsworth Avenue
    New Haven, CT 06511
    achien@comcast.net

3. I declare under the penalty of perjury that the foregoing is true and correct.

Gregory Vidler

12