## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN,<br><br>        Plaintiff,<br><br> v.<br><br>BARRON CAPITAL ADVISORS, LLC, and<br>SKYPEOPLE FRUIT JUICE INC.,<br><br>        Defendants. | 3:09-cv-1873 (CSH) |

## RULING ON DEFENDANTS' MOTION TO DISMISS
## AND PLAINTIFF'S PENDING MOTIONS

HAIGHT, Senior District Judge:

Plaintiff Andrew Chien brought this action in Connecticut Superior Court against Defendants Barron Capital Advisors, LLC ("Barron") and Skypeople Fruit Juice Inc. ("Skypeople") (collectively, "Defendants"), alleging state statutory and common law claims.  Defendants, after removing the action to this Court, have moved to dismiss the Plaintiff's complaint action for, in the alternative, lack of standing, lack of personal jurisdiction, and failure to state a claim under which relief can be granted.  Chien has also moved to amend his complaint, join additional defendants, and to remand the case to state court.  For the following reasons, Defendants' Motion to Dismiss is **GRANTED** and the case is **DISMISSED** with prejudice, and Chien's motions are **DENIED** as moot.

## I.   BACKGROUND

Chien filed the pending case in Connecticut Superior Court, alleging various tort claims on behalf of USChina Channel, LLC ("USChina") against the Defendants, and the Defendants subsequently removed the case to this Court.  [Doc. 1.]  Chien's allegations revolve exclusively around **a** contract between USChina and Skypeople.  Defendants move to dismiss Chien's Complaint

on the basis, among other arguments, that Chien lacks standing to assert claims on USChina's behalf. [Doc. 12.]

This is not the first time Chien has attempted to litigate claims on behalf of USChina in this District.  In his ruling dismissing claims unrelated to those in the instant case, Judge Kravitz admonished Chien that he, as a *pro se* litigant, may not represent USChina.  *Chien v. Skystar Bio Pharm. Co. et al*, 623 F. Supp. 2d 255, 264 (D. Conn. 2009).  Chien has also attempted to litigate on behalf of USChina in this Court.  On August 1, 2008, Chien filed his lawsuit against Barron, Skypeople, and another defendant in this Court,  alleging a breach of contract concerning the same facts as the current dispute.  *Chien v. Skypeople Fruit Juice Corp. et al.*, No. 3:08-cv-1154 (CSH), 2009 U.S. Dist. LEXIS 94590 (D. Conn. 2009) (hereinafter *Skypeople I*).  The Court dismissed the case for lack of subject-matter jurisdiction, there being neither complete diversity between the parties nor any federal question pleaded in the amended complaint.  *Skypeople I* at *7-8.

## II.    DISCUSSION

The law in the Second Circuit is clear: "a layperson may not represent a separate legal entity such as a corporation."  *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d. Cir. 2007).  This rule applies equally to "solely-owned limited liability companies."  *Id.* at 140; *see also Omega Consulting v. Farrington Mfg.*, 604 F. Supp. 2d 684, 685 (S.D.N.Y. 2009) (following *Lattanzio* and stating "[i]f a party wishes to take advantage of the benefits of the corporate form, he or she must also assume its concomitant burdens.").  A corporation is also prevented from assigning rights to a *pro se* litigant in order to circumvent this rule.  *Jones v. Niagara Frontier Transp. Authority,* 722 F.2d 20, 23 (2d Cir. 1983).

Defendants move to dismiss Chien's complaint in this case because, *inter alia,* he lacks

standing to pursue any claims on behalf of USChina Channel, LLC.  In response, Chien does not deny that the underlying claims belong to USChina, but rather argues in the alternative that (1) USChina is not a corporation but a sole proprietorship, or (2) USChina fully assigned the rights to its claims to Chien.  Neither argument withstands scrutiny.

As the Defendants note, Chien's argument that USChina is not a limited liability corporation but a sole proprietorship is based on a misunderstanding of the consequences of federal tax law. Federal tax law permits a corporate entity with only one owner to be classified as either a corporate association or "as a 'sole proprietorship' that is to be 'disregarded as an entity separate from its owner." *McNamee v. Dep't of the Treasury*, 488 F.3d 100, 103 (2d Cir. 2007) (citing and quoting 26 C.F.R. § 301.7701-2(a)).  But this regulation does not mean that USChina is not a corporate entity distinct from Chien for purposes of the Second Circuit's requirement that corporate entities be represented by counsel.  The Court takes judicial notice of Connecitcut's Secretary of State Commercial Recording Division's website, which identifies USChina Channel, LLC as an active, domestic liability company.  Therefore, the Court holds that USChina is a limited liability corporation that must be represented by counsel in litigation in this Court.

Chien's argument that USChina assigned any all litigation rights to himself is also unavailing because, as noted above, the Second Circuit does not allow a corporation to assign rights to circumvent the rule that corporate entities must be represent by counsel.  *Jones*, 722 F.2d at 23.

Chien's Motion for Leave to Amend does not include any allegations that would change the Court's foregoing conclusion that he may not bring claims on behalf of USChina.  Accepting the amendments at this date would be futile because the proposed amended complaint would also be dismissed because Chien, as a *pro se* litigant, may not bring claims on behalf of a corporate entity.

**III.**     **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**, and Chien's

Complaint is **DISMISSED** with prejudice.  Chien's motions to amend his complaint, join additional

defendants, and remand this case to state court are **DENIED** as moot.


It is SO ORDERED.

Dated: New Haven, Connecticut
       July 25, 2011

                                                    ___/s/ Charles S. Haight_____
                                                    Charles S. Haight, Jr.
                                                    Senior United States District Judge