UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN,<br><br>    Plaintiff,<br>v.<br><br>BARRON CAPITAL ADVISORS, LLC, and<br>SKYPEOPLE FRUIT JUICE INC.,<br><br>    Defendants. | 3:09-cv-1873 (CSH) |

**RULING ON DEFENDANTS' MOTION FOR SANCTION**

HAIGHT, Senior District Judge:

Defendants Barron Capital Advisors, LLC and Skypeople Fruit Juice Inc. ("Defendants") move for sanctions against Plaintiff Andrew Chien and the awarding of costs, including attorneys' fees, to the Defendants. For the following reasons, the Court **GRANTS** the Defendants' motion.

**I.    BACKGROUND**

Chien is a frequent litigant in the District of Connecticut.[1] Chien's most recent case against the Defendants was dismissed for lack of standing on July 25, 2011 with Judgement entered against him on July 29, 2011. [Docs. 34, 36.] Chien's previous action against the Defendants in this Court was dismissed for lack of jurisdiction. *Chien v. Skypeople Fruit Juice Corp.*, 2009 U.S. Dist. LEXIS 94590, No. 08-cv-1154 (D. Conn 2009). In both these cases, the Chien appeared *pro se*, impermissibly asserting claims on behalf of US China Channel, LLC ("USChina"), a Connecticut

---

[1] In addition to the cases before this Court, Chien has litigated a series of cases against the Skystar Bio Pharmaceutical Co. ("Skystar") and various individual defendants before Judge Mark Kravitz of the District of Connecticut. The cases are docketed at 3:07-cv-781-MRK; 3:09-cv-149-MRK, and—most recently—3:11-cv-1387-MRK. Each of these cases have been dismissed, and Chien has been sanctioned in each as well.

corporation.

## II.   DISCUSSION

The legal standard for sanctions under Rule 11(b)(2) of the Federal Rules of Civil Procedure requires that a legal contention "must be or border on the frivolous." *Healey v. Chelsea Resources Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991). "To constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear. . . that there is no chance of success. . . ." *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 830 (2d Cir. 1992) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)). Whether an argument or claim is frivolous is judged by the standard of objective reasonableness. *Margo v. Weiss*, 213 F.3d 55, 64-65 (2d Cir. 2000). As Judge Kravitz has described in another case involving Mr. Chien, "There is no 'empty-head pure-heart" justification for patently frivolous arguments under Rule 11." *Chien v. Skystar Bio Pharmaceutical Co. et al.,* 256 F.R.D. 67, 72 (D. Conn. 2009) (quoting *Simon Debartolo Group, L.P. v. Richard E. Jacobs Group, Inc.,* 186 F.3d 157, 166) (2d Cir. 1999)).

The Defendants argue that the Chien violated Federal Rule of Civil Procedure Rule 11 by knowingly attempting to represent USChina himself as a *pro se* litigant in federal court as well as asserting claims that were subject to a forum selection clause that required any disputes concerning the contract to be litigated in China.

Chien objects to the Defendants' motion, offering several cursory arguments. In opposition, Chien argues (1) that the Court did not invite Defendants to pursue sanctions; (2) there is "no case law to support taking sanction against [Chien] because of his *pro se* status only"; (3) USChina has been dissolved; (4) the Defendants failed to address Chien's tort allegations on the merits; and (5) the underlying action had been filed in state court and the Defendants had engaged in forum

shopping by removing it to federal court. Here, Chien also admits to filing yet another lawsuit against at least some of the Defendants. None of Chien's arguments is availing.

The Court will address Chien's objections in turn. First, Rule 11 does not require the Court's permission for a party to move for sanctions. Second, contra to Chien's contentions, seeking sanctions for Chien's continued attempts to represent a limited liability company himself *pro se* is permissible because there is clear case law disallowing a *pro se* litigant from representing a limited liability corporation. *See, e.g., Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). Third, whether USChina has been dissolved after this action was dismissed has no bearing on whether Chien could represent it in court. Fourth, the Defendants had no obligation to address his suit's claims on the merits because Chien had no standing to bring the suit himself. And fifth, the fact that Chien has filed another *pro se* complaint—as the Defendants correctly note—makes sanctions even more appropriate rather than less so.

Chein's attempt to represent USChina himself as a *pro se* litigant in this case was clearly frivolous; it has no chance of success. The Court takes notice that Chien has previously been advised that he cannot represent USChina himself because Judge Kravitz explicitly told him so in another case: "Mr. Chien is separate from any corporation he may own and as a *pro se* litigant, he may not represent USChina Channel LLC anymore than he can represent [another individual] .... Moreover, he cannot circumvent this rule by having USChina Channel LLC assign its legal rights to Mr. Chien." *Chien v. Skystar Bio Pharmaceutical Co. et al.*, 623 F. Supp. 2d 255 (D. Conn 2009) (omitting legal citations).

### III.   CONCLUSION

For the foregoing reasons, the Court grants the Defendants' motion and awards sanctions

against Chien. If Defendants intend to press the matter, they are directed to file within thirty days of the date of this Order sworn evidence of the costs associated with this litigation, including particularized evidence of any attorneys' fees complying with the requirements of *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

    It is SO ORDERED.

Dated: New Haven, Connecticut
       December 1, 2011

                                                      */s/ Charles S. Haight, Jr.*
                                                    Charles S. Haight, Jr.
                                                    Senior United States District Judge