## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

ANDREW CHIEN,

                Plaintiff,

     v.                                                                    3:09-cv-1873(CSH)

BARRON CAPITAL ADVISORS LLC,
        ET AL,
                Defendants.

## <u>ORDER ON SANCTIONS</u>

<u>HAIGHT, Senior District Judge:</u>

        Defendants press their claim under Fed. R. Civ. P. 11 for attorneys' fees and costs as part of a sanction levied against Plaintiff.  They have submitted supplemental affidavits [Doc. 44-1] which seek to support the amounts of fees claimed.  For the reasons that follow, the Court will allow attorneys' fees as part of the sanction, but not in the amounts Defendants request.

**I.**        **Discussion**

        Plaintiff Andrew Chien, appearing *pro se*, commenced this action against Defendants in Connecticut Superior Court.  The complaint asserted state statutory and common law claims. Defendants removed the action to this Court on the ground of diversity of citizenship.  In a four-page Ruling [Doc. 34], familiarity with which is assumed, the Court dismissed the complaint with prejudice on the ground that Plaintiff, a lay person, could not assert claims on behalf of that entity referred to in the complaint as "USChina Channel, LLC."  See Ruling, 'Doc. 34], at 3:  "The Court

1

holds that USChina is a limited liability corporation that must be represented by counsel in litigation in this Court."  The Clerk entered judgment dismissing the individual Plaintiff's complaint with prejudice. [Doc. 36].

Thereafter, Defendants moved for sanctions against Plaintiff, consisting principally of attorneys' fees and costs they incurred in contesting the action. [Doc. 37].  The Court granted Defendants' motion in a Ruling dated December 1, 2011 [Doc. 40], familiarity with which is also assumed.  That Ruling directed Defendants, if they intended to press their claim for attorneys' fees, to file sworn evidence "of the costs associated with this litigation, including particularized evidence of any attorneys' fees complying with the requirements of *N.Y. State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)."  [Doc. 40] at 4.

In *Carey*, the Second Circuit held:

> Hereafter, any attorney – whether a private practitioner or an employee of a non-profit law office – who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records.  These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.

711 F.2d at 1148.

During the course of the action, Defendants were represented by two law firms:  the Law Offices of Paul A. Lange ("Lange"), and Guzov Ofsink, LLC ("Guzov").  Lange's offices are in Stratford, Connecticut.  Guzov's offices are in Manhattan, New York City.  Lange and Guzov purported to comply with the requirements of *Carey* by submitting as exhibits to attorneys' affidavits copies of monthly invoices for legal services each law firm directed to one of the Defendants, located in China. [Doc. 41].  These invoices satisfy some of *Carey*'s requirements, in that they specify "for

2

each attorney, the date, the hours expended, and the nature of the work done." But they manifestly fail to qualify as "contemporaneous time records," as *Carey* also requires. The first two invoices forwarded by Lange and Guzov, dated December 10, 2009 and December 8, 2009 respectively, describe in detail work done on the case by specified individuals on particular dates during the preceding month of November. All invoices submitted by both law offices follow this format. The Court declined to award attorneys' fees on the basis of such submissions. In a further Order [Doc. 43], the Court pointed out that the first fee submission "does not comply with the requirements of *Carey*," and stated that "further explanations of those requirements can be found" in *Cruz v. Local Union No. 3 of Int'l Brotherhood of Electrical Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994), and *Handschu v. Special Services Division*, 727 F.Supp.2d 239, 249-251 (S.D.N.Y. 2010).

Defendants responded by resubmitting the same invoices sent to the client by Lange and Guzov. [Doc. 44-1]. The only substantive changes from the earlier submissions [Doc. 41] are these additional averments in accompanying affidavits of attorneys: "All time entries reflected on the attached invoices were entered contemporaneously with the work reflected therein." Affidavit of Alison L. McKay, a Lange associate, at ¶ 3; "The entries on the invoices were created contemporaneously with or directly after the work described herein." Affidavit of Gregory P. Vidler, a Guzov partner, at ¶ 9.

These unadorned and conclusory assertions fall short of demonstrating full compliance with the mandates of *Carey* and its progeny. Cases following *Carey* accept "in principle proof of the amount and purpose of attorneys' time by artifacts such as computer-generated printouts or summaries, but in practice, to satisfy *Carey* the proof must demonstrate that *original contemporaneous entries of sufficient specificity were punched into or logged in a database from*

3

*which the printouts or summaries are derived*." *Handschu*, 727 F.Supp.2d at 250 (emphasis added). In *Cruz*, the attorneys claiming fees "did not submit actual contemporaneous time records, but instead submitted a typed listing of their hours from there computer records," a submission the Second Circuit approved over objection because the attorneys' fee submissions showed "that they made contemporaneous entries *as the work was completed,* and that their billing was based on *these contemporaneous records*." 34 F.3d at 1160 (emphases added).  The court of appeals concluded: "We believe this falls sufficiently within the meaning of 'contemporaneous,' and that such a practice is not contrary to the dictates of *Carey.*" *Id.*  The affidavits of counsel in the case at bar simply parrot the conclusions articulated by cases such as these – all time entries on the invoices "were entered contemporaneously," McKay; "were created contemporaneously," Vidler – without giving any bases for the conclusions; there are no descriptions of how the time entries were originally made, retained, and later transferred to the invoices, in some instances over a month after the claimed work was done.  While I accept these attorneys' assertions as far as they go, the problem is that their lack of detail makes it impossible for the Court to evaluate independently whether the time entries recited in the invoices satisfy *Carey*'s mandate that they be "contemporaneous" with the work performed in order to be compensable.  This uncertainty requires some reduction in the amount of the attorneys' fees recoverable as a Rule 11 sanction.

A second circumstance favoring reduction is the Defendants' retention of two law firms to defend them, the Lange and Guzov offices, and the total amount of time claimed by co-counsel for defending against Chien's action.  The supporting affidavits recite that the following amounts of time were devoted to the case by the two firms: **Lange:** partner, 5 hours; associate, 19.9 hours; paralegal, 14.6 hours; a second paralegal, 1 hour.  **Guzov:** partner, 79 hours; associate, 5.6 hours; paralegal,

29.1 hours.  Together, the two firms' bills to Defendants amount to $43,064.50 in fees and $3,767.19 in expenses, for a total claim of $46,831.69.  Vidler Affidavit [Doc. 44-1] at ¶ 21.

Defendants' co-counsel achieved a successful outcome for Defendants by removing Chien's action from the state court to this one, and then obtaining an order of the Court dismissing the action because Chien was not allowed personally to represent corporate interests, which must be represented by an attorney.  These are not complex or contentious issues.  The hourly rates claimed by the attorneys involved are reasonable, but it is not clear why two law firms had to be retained to deal with a relatively uncomplicated matter, or assuming without deciding that retaining co-counsel was reasonable, why the two firms had to spend so much time on straightforward issues.

These are relevant considerations when a party seeks by court order to recover its attorneys' fees from the adverse party.  While "the use of multiple attorneys is not unreasonable *per se,*" a trial judge "may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, . . . on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation."  *Carey*, 711 F.2d at 1146 (citation omitted).  "Separate fees charged by lawyers collaborating on the same matter would be palatable only if counsel were committed to ensuring that the total number of hours expended over the course of the litigation was not unreasonably increased thereby."  *Handschu*, 727 F.Supp.2d at 251 (citation and internal quotation marks omitted).  In the case at bar, I am not satisfied that the amount of time spent by these two collaborating firms in removing the case to federal court, and then obtaining its dismissal on the basis of an inadequacy in representation appearing on the face of the complaint, is reasonable.

## II.     Conclusion

I conclude that the total claimed fees of $43,064.50 must be reduced by 15% because of the two firms' failure to fully comply with the *Carey* requirements, and by 25% to reflect the unreasonable amounts of time devoted by the firms to the case, given the nature of the litigation and the manner of its disposition.  These reductions amount to 40% of the fees requested.  The Court awards 60% of the total fees of $43,064.50, which is $25,838.70.  The Lange and Guzov offices may divide this amount between them as they think fit.

The claimed expenses of $3,767.19 are allowed.  They are reasonable in amount and not as subject to reduction or allocation.

In response to this application for sanctions, Plaintiff submitted further written materials [Doc. 45] which do not affect the Court's prior ruling that Defendants are entitled to sanctions under Rule 11.  The Court adheres to that Ruling.  The purpose of this Ruling is to quantify the amount of the sanctions.

Sanctions are awarded in the amount of $25,838.70 for attorneys' fees, and in the amount of $3,767.19 for legal expenses.  The total of these amounts is $29,605.89.  Defendants may have judgment against Plaintiff for that amount.

It is SO ORDERED.